1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIE JAMES MCCOO,

    Petitioner,

    v.

MIKE OBENLAND,

    Respondent.

Case No. C14-1425RSL

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

      This matter comes before the Court on petitioner Willie James McCoo's "Petition for
Writ of Habeas Corpus" (Dkt. # 6), petitioner's three motions to supplement his habeas petition
(Dkt. ## 35, 38, & 41), petitioner's "Motion for Extension of Time" (Dkt. # 57), petitioner's
"Objection to Report and Recommendation" (Dkt. # 59), petitioner's "Motion to Amend
Objection to Report and Recommendation" (Dkt. # 62), and petitioner's two motions to amend
his writ of habeas corpus (Dkt. ## 65 & 69).

      Petitioner challenges his 2008 conviction for first-degree assault in King County Superior
Court. His original habeas petition identifies seven grounds for relief from his state court
conviction. Petitioner's supplemental motions identify additional grounds for relief. U.S.
Magistrate Judge James Donahue prepared a Report and Recommendation ("R&R") (Dkt. # 51)
addressing petitioner's habeas petition and the motions to supplement filed before May 10, 2015
(Dkt. ## 35, 38, & 41). The Court grants petitioner's motions to supplement to the extent they
provide additional briefing on claims that relate back to the original habeas petition. To the

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS

extent they add new claims to this action, they are denied. After considering the memoranda and evidence submitted by the parties, and the remainder of the record, the Court adopts the R&R and DENIES petitioner's habeas petition.

# I.   BACKGROUND

## A.   Factual Background

The Washington Court of Appeals, on direct appeal, summarized the facts as follows:

In the summer of 2005, Tammy Joiner was living with her boyfriend, Anthony Green, at the apartment of Green's grandfather, Charles Green (Charles). Also living at the apartment was Charles's nephew, Henry Green (Henry). Green and Joiner shared a bedroom and Charles and Henry slept on couches in the living room. In September 2005, Green was incarcerated, but Joiner continued living at the apartment. During this time, she became involved with Willie McCoo and would often sneak him into the apartment through the bedroom window.

On September 15, 2005, Joiner and McCoo took a bus to Pacific to visit McCoo's father. His father drove them back to Seattle later on that evening and on the way, they stopped for groceries. When Joiner was unloading the groceries from the trunk of the car, she accidentally broke something connected to the taillight, which enraged McCoo. Joiner then went to the apartment alone and took in the groceries.

A little later, she went back out to the corner store to buy some alcohol. McCoo was outside the corner store when she arrived and was "clicking" a switchblade knife, obviously upset about something. He and Joiner had an argument and Joiner told him she did not want to be involved with him anymore and said something hurtful about his dead mother. Joiner then went back to the apartment, drank more alcohol, ingested some cocaine, and fell asleep.

At 1:00 am, Joiner awoke to McCoo attacking her. She tried to fight him off, but he stabbed her in the neck, chest, face, ear, and arm. She tried to leave the room, but the door was blocked by furniture and other items piled up in front of it. As she tried to move the items away from the door, McCoo stabbed her one last time, twisting the knife in the back of her neck.

Charles was awakened by the noise of something banging in the bedroom. He tried to open the door, but had difficulty doing so because it was blocked. When he eventually got it open, Joiner collapsed in his arms, bleeding. The window in the bedroom was open and Charles thought he might have seen a leg going out the open window. Henry also awoke and called 911.

When the medics and responding police officers arrived, they found Joiner bleeding profusely. Joiner was unable to speak to the police and was sent to the hospital. Responding officers talked to witnesses who described a man that was just seen running away from the apartment building and identified him as McCoo. Initial police attempts to locate a suspect were unsuccessful. Police also searched

the apartment for a weapon, but did not find one and did not collect any physical evidence.

A few days later, on September 19, detectives visited Joiner at the hospital. They could not take a statement from her because of her medical condition, but had her view a montage and she identified McCoo as her assailant. They then tried to locate McCoo, but were initially unsuccessful.

After Joiner was released from the hospital, she went back to the apartment to collect some of her belongings. While she was there, she found a bloodstained patchwork jacket that she remembered McCoo wearing the night of the assault. She put the jacket into a bag and gave it to detectives when they took a formal statement from her on September 23. DNA (deoxyribonucleic acid) testing revealed that Joiner's blood was on the jacket, but testing of other samples from the jacket showed that Joiner and McCoo were possible donors, along with a third possible donor.

McCoo was eventually arrested and the State charged him with one count of first degree assault with a deadly weapon enhancement. Two trials ended in mistrials when the jury could not reach a unanimous verdict. After a third trial, the jury found him guilty as charged. The trial court sentenced him to 342 months[] confinement.

Dkt. 22 Ex. 2 (State v. McCoo, No. 61402-9-1, 2010 WL 598741 (Wash. App. Feb. 22, 2010)) at

1–3.

**B.     Procedural History**

Judge Donahue summarized the procedural history of petitioner's post conviction

proceedings as follows:

Petitioner appealed his conviction to the Washington Court of Appeals and on February 22, 2010 the Court of Appeals issued an unpublished opinion affirming petitioner's conviction. Petitioner moved for reconsideration of the Court of Appeals' decision affirming his conviction. The Court of Appeals denied the motion for reconsideration, but amended a portion of its prior opinion.

Petitioner next filed a petition for review with the Washington Supreme Court. The Supreme Court issued an order denying the petition for review without comment on October 5, 2010. The Court of Appeals issued a mandate terminating direct appeal on November 3, 2010, and issued an amended mandate on February 4, 2011. Petitioner filed a petition for writ of certiorari in the United States Supreme Court which was denied on April 18, 2011. McCoo v. Washington, 131 S. Ct. 2103 (2011).

In June 2009, while his direct appeal was pending, petitioner filed a post-conviction motion in the King County Superior Court. The Superior Court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition. The Clerk of the Court of Appeals dismissed the action

1   on September 1, 2009 because petitioner had not paid the filing [fee] or made a
2   request to proceed *in forma pauperis*. Petitioner filed an objection challenging both
    the dismissal of the action and the transfer of his post-conviction motion to the
3   Court of Appeals. The Court of Appeals construed petitioner's objection as a
    motion to modify and denied the motion on December 23, 2009. The Court of
4   Appeals issued a certificate of finality in those proceedings on February 24, 2010.

5        In March 2012, petitioner filed a personal restraint petition in the
    Washington Court of Appeals. In August 2012, while his personal restraint petition
6   remained pending in the Court of Appeals, petitioner filed in the King County
    Superior Court a motion to compel the production of certain records petitioner
7   deemed necessary for prosecution of his personal restraint petition. The Superior
    Court thereafter transferred the motion to the Washington Court of Appeals for
8   consideration as a personal restraint petition, and petitioner objected to the
    transfer. The Court of Appeals consolidated petitioner's two pending personal
9   restraint petitions and, on May 15, 2013, issued an order dismissing both petitions.

10       Petitioner next sought review in the Washington Supreme Court. The
    Supreme Court Commissioner issued a ruling denying review on February 3, 2014.
11  Petitioner moved to modify the Commissioner's ruling and that motion was denied
    on August 6, 2014. The Washington Court of Appeals issued a certificate of
12  finality in petitioner's personal restraint proceedings on August 7, 2014. Petitioner
    now seeks federal habeas review of his conviction.

13  Dkt. # 51 (R&R) at 3–5 (citations to the record omitted).

14  Petitioner originally identified seven grounds for relief from his state court conviction:

15  **GROUND ONE**: False Testimony

16  **GROUND TWO**: Insufficient Record for Appellate Review

17  **GROUND THREE**: Mr. McCoo's constitutional right to confront and cross-
    examine the witness against him was violated by the introduction of hearsay
18  statements of identification by a witness who did not testify.

19  **GROUND FOUR:** Mr. McCoo's constitutional rights to a jury and due process of
    law were violated when the trial court denied his proper challenge for cause to
20  juror 4 and failed to excuse another juror who was physically incapable of service.

21  **GROUND FIVE:** This Court should accept review to address whether the
    prosecutor's arguments "Where was the defendant?" was misconduct and if the
22  Court of Appeals opinion conflicts with State v. Reed, 25 Wn. App. 46 (1976).

23  **GROUND SIX:** The admission of prejudicial character evidence in guise of habit
    violated Mr. McCoo's constitutional right to due process.
24
    **GROUND SEVEN:** This Court should accept review to address whether the
25  prosecutor committed misconduct in closing argument by misstating the burden of
    proof.
26

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS        -4-

1  Dkt. # 6 (Habeas Petition).

2       Since September 2014, petitioner has filed 17 motions in this court. Ten remain

3  outstanding. On August 21, 2015, Judge Donahue provided the Court with a R&R addressing

4  four of petitioner's motions: his habeas petition (Dkt. # 6) and three motions to supplement (Dkt.

5  ## 35, 38, & 41). Petitioner has since filed five additional motions not addressed in the R&R: a

6  motion for extension of deadline (Dkt. # 57), an objection to the R&R (Dkt. # 59), a motion to

7  amend his objection (Dkt. # 62), and two motions to amend his habeas petition (Dkt. ## 65 &

8  69). All of petitioner's motions are supported by lengthy and thorough memoranda addressing

9  many of the grounds asserted in petitioner's original habeas petition (Dkt. # 6). Some of the

10  memoranda assert new grounds for relief. All told, petitioner has submitted over 1,500 pages of

11  arguments and evidence to this Court.

12  **III.   DISCUSSION**

13  **A.   Motions to Amend and Supplement**

14       Petitioner asks the Court for leave to supplement and amend his habeas petition. Dkt.

15  ## 35, 38, & 41 (Motions to Supplement); Dkt. ## 65 & 69 (Motions to Amend). His

16  memoranda address some of his original seven grounds for relief and seek to add additional

17  grounds, including ineffective assistance of counsel and abuse of discretion.[1] His additional

18  grounds for relief are untimely. The statute of limitations applicable to petitioner's federal

19  habeas petition began to run April 18, 2011, when the Supreme Court denied his petition for writ

20  of certiorari. McCoo v. Washington, 131 S. Ct. 2103 (2011); 28 U.S.C. § 2244(d); see Bowen v.

21  Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999). The statute of limitations was not tolled until 322

22

23      [1] Respondent suggests that petitioner also asserts a "substantive claim that he is actually

24  innocent." Dkt. # 70 (Response) at 3. "Claims of actual innocence based on newly discovered evidence
have never been held to state a ground for federal habeas relief absent an independent constitutional

25  violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400
(1993). To the extent petitioner seeks to add a freestanding claim of actual innocence, the Court denies

26  petitioner's motion to amend as futile. See Bonin v. Calderon, 59 F.3d 815, 845–46 (9th Cir. 1995).

1  days later, on March 7, 2012, when petitioner filed his first personal restraint petition in state

2  court. Dkt. # 20, Ex. 19. It began running again on August 6, 2014 when the Washington

3  Supreme Court denied review. Dkt. # 20, Ex. 45. The statute of limitations then expired 43 days

4  later on September 18, 2014. Petitioner's earliest outstanding motion to supplement was filed

5  nearly eight months later, on May 8, 2015. Dkt. # 65. Petitioner's supplemental motions are

6  untimely. 28 U.S.C. § 2244.

7        Petitioner may only assert untimely grounds for relief that "relate back" to his original

8  petition. "An amended habeas petition 'does not relate back (and thereby escape AEDPA's one-

9  year time limit) when it asserts a new ground for relief supported by facts that differ in both time

10  and type from those the original pleading set forth." Hebner v. McGrath, 543 F.3d 1133, 1138

11  (9th Cir. 2008) (quoting Mayle v. Felix, 545 U.S. 644, 650 (2005)). Because petitioner's new

12  grounds do not arise out of the same core of operative facts set forth in his original petition, he

13  has procedurally defaulted on these new grounds for habeas relief.

14        Petitioner argues that he should be allowed to overcome his procedural default because he

15  meets the Schlup v. Delo actual innocence standard.[2] 513 U.S. 298 (1995). In McQuiggan v.

16  Perkins, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that, if the habeas petitioner can

---

18     [2] Petitioner also argues in a motion to amend that has met the "cause and prejudice" standard to

19  overcome procedural default under Martinez v. Ryan, 132 S.Ct. 1309 (2012); see, e.g., Dkt. # 46-1 (Amendment to Writ of Habeas Corpus) at 14–20. He argues that his counsel's ineffective assistance

20  constitutes "cause." Id. "To overcome the default, a prisoner must also demonstrate that the underling ineffective-assistance-of-trial counsel claim is a substantial one, which is to say that the prisoner must

21  demonstrate that the claim has some merit." Martinez, 132 S.Ct. at 1319. Essentially, petitioner argues that he presents a substantial claim of ineffective assistance because his trial attorney should have

22  immediately remedied and addressed all of the deficiencies in his 2008 trial that he now identifies. See, e.g., Dkt. # 47-2 (Amendment to Writ of Habeas Corpus). He also argues that his attorney should have

23  argued on appeal that his trial counsel was ineffective. Id. at 14–20. Petitioner's view of the evidence

24  may be contrary to the jury's, but he does not demonstrate that his proceedings were prejudiced by a violation of federal law. Petitioner has not alleged facts demonstrating with reasonable probability that

25  his counsel's actions were objectively unreasonable and prejudiced the outcome of his proceedings. Petitioner's ineffective assistance of counsel claim is not substantial and he cannot overcome his default

26  under Martinez.

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS     -6-

1 prove actual innocence, he can present his claim even after the statute of limitations has expired.

2 But, as the Supreme Court cautioned, "tenable actual-innocence gateway pleas are rare: '[A]

3 petitioner does not meet the threshold requirement unless he persuades the district court that, in

4 light of the new evidence, no juror, acting reasonably, would have voted to find him guilty

5 beyond a reasonable doubt.'" Id. (citing Schlup, 513 U.S. at 329). Petitioner must (1) "present[ ]

6 evidence of innocence so strong that the court cannot have confidence in the outcome of the

7 trial," and (2) demonstrate that his trial contained harmful constitutional error. Id. at 1936.

8     At base, petitioner argues that he is innocent because the hospital—not him—severed the

9 victim, Tammy Joiner's, carotid artery. He points to three photographs and a letter from the

10 prosecutor's office to support his claim. Petitioner argues that, through its response letter, the

11 government has admitted that each of the three photographs depict the same wound. He then

12 explains that the wound as depicted in one photograph is shallower than as depicted in the other

13 two photographs. He claims that the shallower wound could not possibly have reached the

14 victim's carotid artery, while the deeper wound could have. Because all of these pictures were

15 taken at the hospital, the defendant believes he has presented conclusive evidence that hospital

16 staff deepened the wound, and a medical professional—not the attacker—damaged the victim's

17 artery. This is important to petitioner's case because, although a treating physician testified

18 differently at trial, he contends that none of the victim's other stab wounds were severe enough

19 to merit a conviction for first-degree assault.

20     Petitioner has not presented evidence of his innocence so strong that this Court cannot

21 "have confidence in the outcome of the trial." See McQuiggan, 133 S. Ct. at 1936 (citing Schlup,

22 513 U.S. at 316). Although the Court appreciates petitioner's careful and in-depth explanations,

23 it ultimately disagrees with his characterization of the evidence. Petitioner's counsel advanced

24 this theory at the 2008 trial. It did not result in acquittal. Further, even if the pictures depict the

25 same wound, the Court does not find the differences between the pictures to be so significant

26 that, had they been presented in this manner at trial, no reasonable juror would have convicted.

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS                    -7-

They do not show that the hospital severed the victim's carotid artery. In fact, even if hospital staff enlarged the wound, that does not mean that a medical professional, rather than petitioner, damaged the victim's artery. Further, hospital staff testified that they had to open the victim's neck using an exploration wound in order to assess the damage and repair the artery. See Dkt. # 62-2, Appx. B (Excerpt of 2008 Trial Transcript) at 27. Finally, even if hospital staff did damage the victim's artery, Dr. Bulger testified that all of the stab wounds were life-threatening. See Dkt. # 72 (Reply) at 7. Petitioner has not persuaded the Court that no rational juror would have found him guilty of first-degree assault.

To the extent petitioner seeks to add additional claims for relief to this action, petitioner's motions to amend and supplement are denied because he has not overcome his procedural default. However, to the extent petitioner's memoranda provide additional briefing addressing his original seven grounds for relief, the Court considers the arguments on the merits below.

**B.    Motion for Extension of Deadline**

In late July 2015, petitioner requested additional time to file his objections to the R&R. Dkt. # 55 (First Motion for Extension of Deadline). The Court granted a 60-day extension. Dkt. # 56 (Order Re-noting Recommendation). In September 2015, petitioner again requested the Court grant an extension—this time seeking 140 more days. Dkt. # 57 (Second Motion for Extension of Deadline to File Objections). Petitioner has since filed multiple memoranda, all providing substantive arguments. The Court grants petitioner's motion for an extension and considers his supplemental briefing.

**C.    Motion to Amend Objection**

Petitioner also requests to amend his objection to the R&R. His amended objection provides additional briefing addressing his original grounds for relief. It does not add any additional grounds to his petition. Respondent has not objected to petitioner's additional briefing. Petitioner's motion to amend is granted.

**D.    Habeas Petition**

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS         -8-

**1. Standard of review**

The Antiterrorism and Effective Death Penalty Act (AEDPA), which applies to petitioner, mandates that

> [a]n application for a writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "'Clearly established Federal law' refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions." Winzer v. Hall, 494 F.3d 1192, 1196 (9th Cir. 2007) (internal citations omitted). In order to grant relief, the district court must be convinced that "the state's court decision is 'more than incorrect or erroneous' . . . [but] must be 'objectively unreasonable.'" Id. (quoting Lockyer v. Andrade, 538 U.S. 63, 75 (2003)). For claims "adjudicated on the merits in State Court," § 2254(d) limits the record to that which was before the state court. Stokley v. Ryan, 659 F.3d 802, 807 (9th Cir. 2011). However, new evidence can be considered by the district court if petitioner raises a new ground for relief which was never adjudicated on the merits in state court. Id. at 809; see 28 U.S.C § 2254(e)(2).

**2.      Ground one: false testimony**

The Court adopts the R&R's analysis of petitioner's false testimony arguments, and here addresses the additional arguments set forth in petitioner's amended objection and subsequent memoranda. A conviction obtained based on the knowing use of false evidence violates an individual's Fourteenth Amendment rights. Napue v. Illinois, 360 U.S. 264, 269–71 (1950). But inconsistent or contradictory testimony is not enough to require a conviction be reversed—the prosecutor must have knowingly presented false evidence. United States v. Sherlock, 962 F.2d 1349, 1364 (9th Cir. 1992). Reversal is even more difficult to obtain in habeas proceedings: a petitioner may only obtain habeas relief if the error had "substantial and injurious effect or

1   influence in determining the jury's verdict." <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637 (1993).[3]

2          *a.*     *Dr. Bulger's testimony*

3        The Court adopts the R&R as to Dr. Eileen Bulger's allegedly false testimony. In

4   supplemental briefing, petitioner also challenges Dr. Bulger's testimony that she did not know

5   whether or not the victim had a stab wound in the hand. <u>See</u> Dkt. # 72 (Reply) at 7. Because the

6   victim clearly had a hand wound, petitioner argues that Dr. Bulger's testimony was false. <u>Id.</u> He

7   also alleges that Dr. Bulger falsely testified that all of the victim's wounds were life threatening.

8   <u>Id.</u> at 7–8. He states that "the record makes it very obvious and plain that despite Dr. Bulger's

9   testimony," only the neck wound was life-threatening. <u>Id.</u> at 8. Petitioner has not provided any

10   evidence to support his self-serving characterization of the victim's wounds. Further, he has

11   merely identified potential discrepancies in the testimony and has not demonstrated that the

12   government knowingly presented false evidence. These discrepancies did not have a substantial

13   and injurious effect in determining the jury's verdict.

14          *b.*     *Victim's testimony*

15        The Court adopts the R&R as to the victim Tammy Joiner's allegedly false testimony. In

16   supplemental briefing, petitioner challenges additional aspects of the victim's testimony:

17   (1) petitioner argues that in the 2006 and 2007 trials, the Joiner testified that a verbal

18   confrontation occurred at the store, while at the 2008 trial, she testified that the confrontation

19   occurred on the way back from the store; (2) he argues that the victim's testimony that she was

20   walking cannot be truthful because she also testified that she was so intoxicated that she had to

21   crawl; and (3) he argues that Joiner falsely testified that petitioner carries knives on his person at

22   all times, even though when he was arrested one week before the assault, he did not have any

23   knives on his person. <u>See, e.g.</u>, Dkt. # 59 (Objection to R&R) at 107–108. Petitioner has only

24   _____

25        [3] Petitioner argues that Judge Donahue incorrectly applied the <u>Brecht</u> standard and argues that
    the <u>Napue</u> standard applies. The <u>Napue</u> standard applies on direct appeal, while the more deferential

26   standard set forth in <u>Brecht</u> applies to habeas proceedings like this one.

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS      -10-

identified inconsistent and contradictory testimony and has not demonstrated that any of these alleged falsehoods, even when considered cumulatively, had a substantial and injurious effect on the jury's decision. The record demonstrates that the victim was adequately cross examined, and even impeached, at trial.

c.    *Officer Bauer's testimony*

The Court adopts the R&R as to Officer Bauer's allegedly false testimony.[4]

*d. Charles Green's testimony*

The Court adopts the R&R as to Charles Green's allegedly false testimony. The Court further notes that petitioner has not shown that Mr. Green's testimony would have affected the jury's verdict if presented differently at trial.

*e. Terry McAdams's testimony*

The Court adopts the R&R as to Terry McAdams's allegedly false testimony.

*f. Sweetie Eshman's testimony*

In supplemental briefing, petitioner argues that Sweetie Eshman falsely testified that she saw petitioner running away from Joiner's apartment wearing the patched jacket—the same jacket that the victim later testified that she found in her room two weeks after the attack. See, e.g., Dkt. # 46-1 (Motion to Amend Writ) at 57–58. But petitioner himself admits that Eshman's credibility was significantly impeached at trial. Further, he again relies on inconsistencies presented at trial, and does not demonstrate that the prosecutors knowingly presented false evidence. Eshman's allegedly false testimony did not have a substantial and injurious effect on

---

[4] Petitioner takes issue with the state court's finding that "Even assuming that a police officer erroneously testified that Mr. McCoo wore a denim jacket during the previous arrest, other witnesses testified that Mr. McCoo wore such a jacket while fleeing the scene of the stabbing." Petitioner argues that only one witness—Sweetie Eshman, whose testimony was impeached—identified him in the denim jacket. However, the record demonstrates that three officers testified at trial that multiple witnesses reported seeing petitioner fleeing the scene, described him and his clothing, and identified him by name. See McCoo, 2010 WL 598741, at *2–*3.

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS          -11-

1  the jury's verdict, particularly in light of the similarities between the two jackets, and officers'

2  testimony that witnesses reported seeing petitioner flee the scene and provided descriptions of

3  petitioner's clothing similar to that provided by Eshman. McCoo, 2010 WL 598741 at *2.

4  Further, under questioning by petitioner's counsel, Officer Bauer testified that witnesses told

5  him they saw petitioner fleeing the scene in a denim jacket. Id.

### 2.    Ground two: adequacy of the appellate record

6

7  The Court adopts the R&R as to petitioner's second ground for relief.

### 3.    Ground three: confrontation clause

8

9  The Court adopts the R&R as to petitioner's third ground for relief.

### 4.    Ground four: juror bias and prejudice

10

11  The Court adopts the R&R as to petitioner's fourth ground for relief.

### 5.    Grounds five: prosecutorial misconduct

12

13  The Court adopts the R&R as to petitioner's fifth ground for relief.

### 6.    Ground six: admission of prejudicial character evidence

14

15  The Court adopts the R&R as to petitioner's sixth ground for relief.

### 7.    Ground seven: prosecutorial misconduct

16

17  The Court adopts the R&R as to petitioner's seventh ground for relief.

### D.    Certificate of Appealability

18

19       A petitioner may appeal the district court's decision dismissing his § 2254 motion only

20  after obtaining a certificate of appealability. The Court is required to issue or deny a certificate

21  of appealability when it enters a final order denying petitioner's motion. Rules Governing

22  Section 2254 Proceedings for the U.S. Dist. Cts., R. 11. If petitioner makes "a substantial

23  showing of the denial of a constitutional right," the Court may issue the certificate. 28 U.S.C.

24  § 2253(c)(2). The record must demonstrate "that jurists of reason could disagree with the district

25  court's resolution of [petitioner's] case or that the issues presented were adequate to deserve

26  encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS          -12-

standard, the Court agrees with the R&R and denies petitioner a certificate of appealability.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court hereby finds and ORDERS:

(1) The Court adopts the R&R (Dkt. # 51) as explained above.

(2) Petitioner's motions to supplement (Dkt. ## 35, 38, & 41) are GRANTED to the extent they present additional argument in support of existing claims and DENIED to the extent they seek to add new claims.

(3) Petitioner's motions to amend (Dkt. ## 65 & 69) are GRANTED to the extent they present additional argument in support of existing claims and DENIED to the extent they seek to add new claims.

(5) Petitioner's "Motion for Extension of Deadline" (Dkt. # 57) is GRANTED.

(6) Petitioner's "Motion to Amend Objection to Report and Recommendation" (Dkt. # 62) is GRANTED.

(7) Petitioner's federal habeas petition (Dkt. #6) is DENIED. This action is DISMISSED with prejudice.

(8) In accordance with Rule 11 of the rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED with respect to all grounds for relief asserted in this federal habeas action.

(9) The Clerk is directed to send copies of this Order to petitioner, to counsel for respondent, and to the Honorable James P. Donohue.

DATED this 5th day of January, 2016.

Robert S. Lasnik
United States District Judge

ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS          -13-